**JOSEPH W. CHARLES, P.C.**
5704 West Palmaire Avenue
P.O. Box 1737
Glendale, Arizona 85311-1737
Phone: (623) 939-6546
Fax:     (623) 939-6718
LawOffice@JoeCharles.com

JOSEPH W. CHARLES
State Bar No. 003038
Attorney for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>LETHE LEW,<br><br>        Debtors.<br>_____<br><br>AURORA LOAN SERVICES,<br><br>        Movant,<br><br>    vs.<br><br>LETHE LEW, Debtor;<br><br>        Respondents.<br>_____ | Case No. 2:09-BK-29704-GBN<br><br>Chapter 11<br><br><br><br>OBJECTION TO MOTION<br>FOR RELIEF FROM<br>AUTOMATIC STAY<br><br>RE: Real Property Located at<br>7133 West Williams Street<br>Phoenix, AZ 85043 |

   COMES NOW the debtor, Lethe Lew, by and through counsel undersigned, and hereby responds and objects to Aurora Loan Services, LLC's Motion for Relief from the Automatic Stay as follows:

   1. Movant purports to have gained their interest by a transfer from Mortgage Electronic Registration System ("MERS"). While it appears Arizona Courts have not

1

yet addressed the issue, many other courts have limited MERS. The Kansas Supreme Court in <u>Landmark National Bank v. Kesler</u>, No. 98, 489 (Kan. Aug. 8, 2009), *available at* http://www.kscourts.org/Cases-and-Opinions/opinions/ctapp/2008/20080912 /98489. htm held that MERS cannot act on their own and need not even be served in a law suit. <u>Landmark</u> further held that MERS relationships are,

> "…more akin to that of a straw man than to a party possessing all the rights of a given buyer."

Arkansas has recently followed the Kansas position. In <u>MERS, Inc. v. Southwest Homes of Arkansas</u>, No. 08, 1299 Ark. Mar. 19, 2009), *available at* http://courts.arkansas.gov/court_opinions/sc/2009a/20090319/published/08-1299.pdf, the State Supreme Court stated,

> "We specifically reject the notion that MERS may act on its own, independent of the direction of the specific lender who hold the repayment interests in the security instrument at the time MERS purports to act."

The high court also stated,

> "MERS holds no authority to act as an agent and holds no property interest in the mortgaged land." *Id.*

Missouri has also addressed the situation in a similar manner. In <u>Bellistri v Ocwen Loan Servicing, LLC</u>, 284 S.W.3d 619, 624 (Mo. App. 2009), the Court stated that unless the original note holder authorized MERS to transfer the note, a purported transfer is ineffective.

The Nevada Bankruptcy Court similarly reviewed the matter in the context of bankruptcies and motions to lift the stay. Multiple cases were consolidated for joint briefing and a hearing as <u>In re: Joshua & Stephanie Mitchell</u>, BK-S-07-16226-LBR,

*available at* http://www.nvb.uscourts.gov/Opinions/Riegle/07-16226%20Opinion.pdf. The opposition to the motions to lift-stay was based on the grounds that MERS lacked standing and was not the real party in interest.

California appears to have taken a similar position. A California court found that MERS is an entity whose sole purpose is to act as "mortgagee of record" for mortgage loans that are registered on the MERS system. *In re Kang Jin Hwang*, 396 B.R. 757 (Bankr. C.D.Cal 2008).

Based on the fact that there is nothing to show that MERS has any interest to transfer, Movant gained nothing from the purported transfer. In the alternative, without explicit instruction or authorization from the original note holder, MERS did not have any authority to transfer the original interest to the Movant.

2. A litigant must have both constitutional standing and prudential standing for a federal court to have jurisdiction to hear the case. *Elk Grove Unified Sch. Dist. V. Newdow*, 542 U.S. 1, 11 (2004). Constitutional standing requires an injury be fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *United Food & Drug Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551 (1996). For prudential standing, the litigant must assert its own legal rights and interests, *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 971 (9th Cir. 2009).

Also, an action must be prosecuted by the real party in interest. Fed. R. Civ. P. Rule 17(a)1. The holder of the note is the only entity entitled to enforce it. A.R.S. § 47-3301. The holder is defined as "the person in possession of a negotiable

3

Case 2:09-bk-29704-GBN    Doc 42    Filed 04/21/10    Entered 04/21/10 14:52:23    Desc
Main Document    Page 3 of 4

*available at* http://www.nvb.uscourts.gov/Opinions/Riegle/07-16226%20Opinion.pdf. The opposition to the motions to lift-stay was based on the grounds that MERS lacked standing and was not the real party in interest.

California appears to have taken a similar position. A California court found that MERS is an entity whose sole purpose is to act as "mortgagee of record" for mortgage loans that are registered on the MERS system. *In re Kang Jin Hwang*, 396 B.R. 757 (Bankr. C.D.Cal 2008).

Based on the fact that there is nothing to show that MERS has any interest to transfer, Movant gained nothing from the purported transfer. In the alternative, without explicit instruction or authorization from the original note holder, MERS did not have any authority to transfer the original interest to the Movant.

2. A litigant must have both constitutional standing and prudential standing for a federal court to have jurisdiction to hear the case. *Elk Grove Unified Sch. Dist. V. Newdow*, 542 U.S. 1, 11 (2004). Constitutional standing requires an injury be fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *United Food & Drug Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551 (1996). For prudential standing, the litigant must assert its own legal rights and interests, *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 971 (9th Cir. 2009).

Also, an action must be prosecuted by the real party in interest. Fed. R. Civ. P. Rule 17(a)1. The holder of the note is the only entity entitled to enforce it. A.R.S. § 47-3301. The holder is defined as "the person in possession of a negotiable

instrument that is payable either to bearer or to an identified person that is the person in possession." A.R.S § 47-1201(B)(21)(a).

As previously demonstrated, Claimant gained nothing from the purported assignment from MERS. Therefore they have no injury to report. This fact results in a loss of standing. In the alternative, they are not the real party in interest because they are not the current holders of the note. Either theory would preclude their claim.

WHEREFORE, Debtors respectfully requests that the Movant's Motion for Relief from the Automatic Stay be denied.

RESPECTFULLY SUBMITTED this 21st day of April, 2010.

                            JOSEPH W. CHARLES, P.C.

                            By /s/ Joseph W. Charles
                                 JOSEPH W. CHARLES
                                 5704 W. Palmaire Avenue
                                 P.O. Box 1737
                                 Glendale, Arizona 85311
                                 Attorney for Debtors

COPY of the foregoing
mailed this 21st day of
April, 2010, to:

BRIAN A. PAINO
JOSEPHINE E. PIRANIO
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
San Diego, CA 92177
Attorney for Movant

By: /s/ C. Short

4